**FILED**
**Feb 07, 2020**
**02:43 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **HERIBERTO ANGEL,** | ) | **Docket No. 2019-06-1141** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 33095-2019** |
| **EL MOLCAJETE MEXICAN** | ) | |
| **RESTAURANT,** | ) | |
| **Employer,** | ) | |
| **and** | ) | **Judge Joshua D. Baker** |
| **THE HARTFORD,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on January 30, 2020, to consider whether Mr. Angel is likely to prove he suffered a work-related hernia that would entitle him to workers' compensation benefits. Because testing conducted soon after the accident showed no evidence of a hernia, the Court denies his requested relief.

### Claim History

Mr. Angel alleged he suffered a hernia from lifting beer kegs for El Molcajete Mexican Restaurant. Although he testified about a specific work incident that caused his hernia, he struggled to provide cogent testimony about dates and treatment.[1]

Mr. Angel could not recall his date of injury but testified it was in his "papers," presumably his petition, which reflects a December 23, 2018 injury date. The First Report of Injury also suggests December 23 and states that Mr. Angel last worked on that day. Mr. Angel testified he quit because he disliked El Molcajete's manager.

---

[1] El Molcajete provided an interpreter, but Mr. Angel explained his difficulty communicating resulted from an intellectual disability affecting his memory, not the translation services.

According to Mr. Angel, everything felt normal until he felt a "cold object" or a "little tiny ball" about a week after the lifting incident. He then sought medical care on January 3, roughly twelve days after the accident. The clinician recorded his complaint as "constant pain of the genitourinary system" since December 20, 2018.

Even though Mr. Angel felt pain and a lump on the right side of his groin, medical providers did not find a hernia after testing. Following a "sonography in multiple planes of the soft tissues of the RIGHT inguinal region," the provider's report noted a "Normal Examination" with no observed masses.

Several months later, in April 2019, Mr. Angel sought treatment on his own, and a physician at Northcrest Medical Center diagnosed a bilateral inguinal hernia. He accrued $1,914.56 in medical bills through this treatment and wants El Molcajete to pay them. He also wants El Molcajete to pay for corrective surgery.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Mr. Angel must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). Concerning hernia cases, the Workers' Compensation Law directs the Court as follows:

(a) In all claims for compensation for hernia or rupture, resulting from injury by accident arising primarily out of and in the course and scope of the employee's employment, it must be definitely proven to the satisfaction of the court that:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a)(1)-(5).

Mr. Angel testified credibly that a lifting incident at work caused him pain and a lump on the right side of his groin. Based on the evidence, the Court finds this incident occurred no later than December 23. However, while later testing revealed a bilateral-inguinal hernia, testing performed about two weeks after the accident showed no hernia. Because the testing close after the accident did not show a hernia, the Court holds that Mr. Angel is unlikely to prove his work incident resulted in a hernia that appeared suddenly after it occurred.

2

It is **ORDERED** as follows:

1. Mr. Angel's interlocutory claim for medical and temporary disability benefits is denied.

2. This case is set for a status conference on **Monday, April 27, 2020, at 9:30 a.m. (CDT). You must call 615-741-2113 to participate in the hearing. Failure to call might result in a determination of issues without your further participation.**

**ENTERED February 7, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**


APPENDIX

Exhibits:

1. Medical Records
2. Mr. Angel's affidavit
3. Notice of Denial
4. First Report of Injury
5. Bills


Technical Record:

1. Request for Expedited Hearing
2. Dispute Certification Notice
3. Petition for Benefit Determination

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 7, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Heriberto Angel, Employee | | | X | Heribertoangel9@gmail.com |
| Gary Nichols, Employer's Attorney | | | X | Gary.nichols@thehartford.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*